23-8023
Acan-Gualancanay v. Bondi

BIA
Drucker, IJ
A220 572 645
A220 967 062/063

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

PRESENT:
        JOHN M. WALKER, JR.,
        RAYMOND J. LOHIER, JR.,
        MYRNA PÉREZ,
            *Circuit Judges.*

_____

WALTER GERMAN ACAN-GUALANCANAY, MAYRA PIEDAD CASTRO-TACURI,[1]
      *Petitioners*,

      **v.**                               **23-8023**
                                        **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

---

[1] The Clerk's Office is respectfully directed to amend the caption as reflected above.

*Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY. |
| | |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Nelle M. Seymour, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Walter German Acan-Gualancanay, Mayra Piedad Castro-Tacuri, and their minor child, all natives and citizens of Ecuador, seek review of a November 17, 2023, decision of the BIA affirming a February 9, 2023, decision of an Immigration Judge ("IJ") denying Acan-Gualancanay's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Walter German Acan-Gualancanay, et al.*, Nos. A220 572 645, 220 967 062/063 (B.I.A. Nov. 17, 2023), *aff'g* No. A220 572 645, 220 967 062/063 (Immigr. Ct. N.Y.C. Feb. 9, 2023). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact findings "under the substantial evidence standard" and questions of law de novo. *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, 8 C.F.R. §§ 1208.13(b), 1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id*. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). "[I]n some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of

3

his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun*, 883 F.3d at 28; *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Thus, even absent an adverse credibility determination, a lack of corroboration is an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *Id.*; *Wei Sun*, 883 F.3d at 27–29. Before denying a claim on this basis, the IJ must (1) identify the specific pieces of missing documentation and explain why it was reasonably available; (2) give the petitioner an opportunity to explain the omission; and (3) assess any explanation. *Wei Sun*, 883 F.3d at 31.

Here, the agency did not err in denying asylum and withholding of removal for lack of corroboration. The IJ identified evidence that could have corroborated the claim and asked Acan-Gualancanay to explain why he had not submitted specific pieces of evidence: proof of land ownership, medical records, photographs of injuries, police documents, and an affidavit from the friend that brought him to

4

the hospital. At no point in the proceedings before the agency did Acan-Gualancanay allege that he attempted to obtain the requested evidence.

Nor did the IJ err in declining to credit family members' affidavits, which were the only documents submitted to corroborate past events. "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Acan-Gualancanay argues that the IJ erred in making a negative inference because his mother-in-law's affidavit did not address what happened to the land or allege any subsequent threats or pressure to sell. The IJ reasonably noted that lack of evidence because the land belonged to his wife's family (such that they presumably would be targets of the same pressure) and Acan-Gualancanay's claim was that a wealthy landowner was so intent on obtaining the land that he and his wife feared for their lives. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

Given Acan-Gualancanay's failure to present reasonably available

5

corroboration, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. § 1252(b)(4); *Pinel-Gomez*, 52 F.4th at 529–30; *Wei Sun*, 883 F.3d at 31. Because the corroboration finding is dispositive of asylum and withholding of removal, we do not reach the agency's alternative nexus findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[A]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Acan-Gualancanay has not separately argued his CAT claim. *See Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court